**David Wayne Babcock**
**16898 NW Cove Ct.**
**Portland, OR 97229**
**Telephone: 503-784-4724**
**Email: dwbabcock1@comcast.net**
DAVID WAYNE BABCOCK, PRO SE

**UNITED STATES DISTRICT COURT**
**COUNTY OF DISTRICT OF OREGON PORTLAND DIVISION**

| | |
|---|---|
| **DAVID WAYNE BABCOCK**<br>Plaintiffs,<br><br>vs.<br><br>**KATHRYN GAIL GRANT**<br>Defendants | Case No.: 3:26-CV-01857-JR<br><br>**COMPLAINT FOR DAMAGES UNDER THE ELECTRONIC COMMUNICATIONS PRIVACY ACT AND OREGON COMMON LAW; DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES UNDER THE ELECTRONIC COMMUNICATIONS PRIVACY ACT AND OREGON COMMON LAW; DEMAND FOR JURY TRIAL**

Plaintiff David Wayne Babcock, appearing pro se, brings this action against Defendant Kathryn Gail Grant for violations of federal and state law, and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Stored Communications Act, 18 U.S.C. §§ 2701–2712, and the Wiretap Act, 18 U.S.C. §§ 2510–2523.



#118032

2. This Court has supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy as the federal claims.
3. Venue is proper in the United States District Court for the District of Oregon under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District. Specifically, Plaintiff resides in Portland, Oregon; Defendant resides in Portland, Oregon; the unauthorized access occurred in Portland, Oregon; and the damages were suffered in Portland, Oregon.
4. This case is properly assigned to the Portland Division under Local Rule 3-2(a) because Plaintiff resides in Multnomah County, Oregon, which is within the Portland Division.

## II. PARTIES

5. Plaintiff David Wayne Babcock is an individual who resides at 16898 NW Cove Ct., Portland, Oregon 97229.
6. Defendant Kathryn Gail Grant is an individual who resides at 16449 SW Chadwich Way #201, Portland, Oregon 97229.
7. At all times relevant to this Complaint, Plaintiff and Defendant were residents of the State of Oregon.

## III. STATEMENT OF FACTS

8. Plaintiff maintains a private email account, [SPECIFIC EMAIL ACCOUNT ACCESSED — not specified], which is hosted on servers operated by Google and accessed through Internet service provided by Comcast, a national Internet service provider.
9. Plaintiff's email communications are transmitted across state lines through Comcast's national network infrastructure and stored on Google's servers located outside the State of Oregon.

10. At no time did Plaintiff authorize Defendant Kathryn Gail Grant to access Plaintiff's email account or any electronic communications stored therein.

11. At no time did Plaintiff provide Defendant with his email account password, login credentials, or permission to view, access, retrieve, forward, or disclose the contents of his private email communications.

12. On or about [EXACT DATE(S) OF UNAUTHORIZED ACCESS — unknown; within two years prior to February 22, 2025], Defendant intentionally and without authorization accessed Plaintiff's private email account.

13. After gaining unauthorized access to Plaintiff's email account, Defendant deliberately forwarded multiple personal emails from Plaintiff's account to her own email address, [DEFENDANT'S FORWARDING EMAIL ADDRESS — not provided].

14. Defendant's forwarding of Plaintiff's emails from his account to her own account constituted obtaining access to and controlling Plaintiff's stored electronic communications without authorization.

15. Plaintiff did not discover Defendant's unauthorized access until on or about February 22, 2025, when Plaintiff noticed a credit card discrepancy and reviewed his email account.

16. Upon reviewing his email account, Plaintiff discovered emails in his sent folder that he had not sent — specifically, emails that had been forwarded to Defendant's email address without his knowledge or consent.

17. Plaintiff also discovered evidence that Defendant had changed the email address associated with Plaintiff's phone record to Defendant's personal email account, as shown in screenshots Plaintiff obtained.

18. In addition to accessing Plaintiff's email account, Defendant used Plaintiff's personal information without authorization to attempt to create an account at TransUnion to access Plaintiff's credit report.

19. Plaintiff learned of Defendant's unauthorized attempt to access his credit information through phone calls he received from TransUnion.

20. Plaintiff reported Defendant's unauthorized access to the local Sheriff's office and to TransUnion, but neither entity provided a remedy.

21. Defendant's access to Plaintiff's email account was intentional and deliberate. Defendant took affirmative steps to log into Plaintiff's account, review private communications, and forward selected emails to her own account.

22. There was no agreement, privacy policy, or terms of service between Plaintiff and Defendant that authorized or disclosed this type of access.

23. Defendant's conduct was done without Plaintiff's knowledge and in violation of Plaintiff's reasonable expectation of privacy in his personal email communications.

24. Plaintiff's email communications were stored on facilities operated by Google, an electronic communication service provider, and transmitted through facilities operated by Comcast, an Internet service provider.

25. Because Plaintiff's email communications passed through and were stored on servers and network infrastructure located in multiple states, including servers operated by Google and network facilities operated by Comcast, the unauthorized access affected facilities used in interstate commerce.

## IV. CLAIM ONE: VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701

26. Plaintiff incorporates by reference all preceding paragraphs.

27. The Stored Communications Act prohibits anyone from intentionally accessing without authorization a facility through which an electronic communication service is provided and thereby obtaining, altering, or preventing authorized access to a wire or electronic communication while it is in electronic storage. 18 U.S.C. § 2701(a).

28. In the Ninth Circuit, SCA liability requires intentional unauthorized access to an electronic-communication-service facility, and ISP email remaining after delivery can qualify as electronic storage when kept for backup protection. *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004).

29. Defendant intentionally accessed without authorization the electronic communication service facilities provided by Google and used by Plaintiff to store his email communications.

30. By logging into Plaintiff's email account without permission and forwarding emails to her own account, Defendant obtained access to Plaintiff's wire and electronic communications while they were in electronic storage in violation of 18 U.S.C. § 2701(a).

31. None of the statutory exceptions in 18 U.S.C. § 2701(c) apply to Defendant's conduct. Defendant was not authorized by Plaintiff, was not acting as a provider of the service, and was not otherwise authorized by law to access Plaintiff's stored communications.

32. The SCA creates a civil action for an aggrieved person for knowing or intentional violations and allows recovery of actual damages, profits, minimum statutory damages of $1,000, punitive damages for willful or intentional violations, and fees and costs. 18 U.S.C. § 2707(a), (c).

33. Defendant's violations of the SCA were knowing, intentional, and willful.

34. As a result of Defendant's violations of 18 U.S.C. § 2701, Plaintiff is entitled to recover actual damages, statutory damages of not less than $1,000 per violation, punitive damages, and reasonable attorney's fees and costs under 18 U.S.C. § 2707.

## V. CLAIM TWO: VIOLATION OF THE WIRETAP ACT, 18 U.S.C. § 2511

35. Plaintiff incorporates by reference all preceding paragraphs.

36. The Wiretap Act prohibits intentionally intercepting electronic communications and intentionally using or disclosing contents known or reasonably known to have been obtained through unlawful interception. 18 U.S.C. § 2511(1)(a), (d).

37. For purposes of the Wiretap Act in the Ninth Circuit, an interception requires acquisition during transmission, not retrieval from electronic storage. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002).

38. To the extent that Defendant intercepted Plaintiff's electronic communications during transmission, or intentionally used or disclosed the contents of communications that Defendant knew or reasonably should have known were obtained through unlawful interception, Defendant violated 18 U.S.C. § 2511.

39. The Wiretap Act authorizes a civil action by a person whose communication was intercepted, disclosed, or intentionally used in violation of the Act, and provides for actual damages, punitive damages, fees and costs. 18 U.S.C. § 2520(a), (b), (c).

40. Defendant's violations of the Wiretap Act were knowing, intentional, and willful.

41. As a result of Defendant's violations of 18 U.S.C. § 2511, Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees and costs under 18 U.S.C. § 2520.

## VI. CLAIM THREE: INTRUSION UPON SECLUSION UNDER OREGON COMMON LAW

42. Plaintiff incorporates by reference all preceding paragraphs.

43. Under Oregon law, intrusion upon seclusion requires an intentional intrusion, physical or otherwise, into the plaintiff's solitude, seclusion, or private affairs, in a manner highly offensive to a reasonable person. *Mauri v. Smith*, 324 Or. 476, 929 P.2d 307 (1996).

44. The offensiveness inquiry considers whether the surveillance or intrusion was unreasonable and obtrusive. *McLain v. Boise Cascade Corp.*, 271 Or. 549, 533 P.2d 343 (1975).

45. Defendant intentionally intruded into Plaintiff's private affairs by accessing Plaintiff's private email account without authorization, reviewing his personal communications, and forwarding those communications to her own account.

46. Email communications are quintessentially private, and individuals have a reasonable expectation of privacy in the contents of their personal email accounts.

47. Defendant's intrusion was not conducted in a reasonable or unobtrusive manner. To the contrary, Defendant deliberately breached Plaintiff's trust, accessed his most private communications, and exfiltrated that information for her own purposes.

48. Defendant's conduct was highly offensive to a reasonable person because it involved secret, unauthorized access to intensely personal communications in which Plaintiff had a strong privacy interest.

49. As a direct and proximate result of Defendant's intrusion upon seclusion, Plaintiff suffered damages as set forth below.

## VII. INJURIES AND DAMAGES

50. Plaintiff incorporates by reference all preceding paragraphs.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, personal embarrassment, and breach of trust.

52. Plaintiff has experienced significant harm to his sense of privacy and personal security, knowing that his most intimate communications were accessed and disclosed without his consent.

53. Plaintiff has years of mental health records documenting emotional abuse, which has been exacerbated by Defendant's unauthorized intrusion into his private communications.

54. Plaintiff seeks compensation for all actual damages caused by Defendant's conduct, including damages for emotional distress, mental anguish, invasion of privacy, and breach of trust.

55. Plaintiff is also entitled to statutory damages under 18 U.S.C. § 2707(c) of not less than $1,000 for each violation of the Stored Communications Act. Although one circuit has suggested that proof of actual damages may be required for statutory damages under the SCA, *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199 (4th Cir. 2009), that decision is not binding in the Ninth Circuit, and Plaintiff has alleged and can prove actual damages resulting from Defendant's conduct.

56. Because Defendant's violations were willful and intentional, Plaintiff is entitled to punitive damages under both the Stored Communications Act, 18 U.S.C. § 2707(c), and the Wiretap Act, 18 U.S.C. § 2520(b)(2), as well as under Oregon common law.

57. Plaintiff is entitled to recover reasonable attorney's fees and litigation costs under 18 U.S.C. §§ 2707(b)(3) and 2520(b)(3).

## VIII. STATUTE OF LIMITATIONS

58. Both the Stored Communications Act and the Wiretap Act require that a civil action be commenced within two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation. 18 U.S.C. §§ 2707(f), 2520(e).

59. Plaintiff discovered Defendant's unauthorized access on or about February 22, 2025, when he noticed the credit card discrepancy and found forwarded emails in his sent folder.

60. This Complaint is filed within two years of Plaintiff's discovery of the violations and is therefore timely under federal law.

## IX. RULE 8 NOTICE PLEADING STANDARD

61. Under Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.

62. To survive dismissal, the complaint must plead nonconclusory facts making liability plausible, not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

63. Plaintiff has alleged specific facts regarding Defendant's unauthorized access to his email account, the deliberate forwarding of private emails, the lack of authorization or consent, the interstate nature of the communications, and the resulting harm.

64. These factual allegations, accepted as true, make it plausible that Defendant violated the Stored Communications Act, the Wiretap Act, and Oregon common law.

## X. REQUEST FOR RELIEF

WHEREFORE, Plaintiff David Wayne Babcock respectfully requests that this Court enter judgment in his favor and against Defendant Kathryn Gail Grant, and award the following relief:

A. Actual damages in an amount to be proven at trial, including compensation for emotional distress, mental anguish, invasion of privacy, and breach of trust;

B. Statutory damages under 18 U.S.C. § 2707(c) of not less than $1,000 for each violation of the Stored Communications Act;

C. Punitive damages under 18 U.S.C. §§ 2707(c) and 2520(b)(2) and under Oregon common law, in an amount sufficient to punish Defendant for her willful and intentional conduct and to deter similar conduct in the future;

D. Reasonable attorney's fees and litigation costs under 18 U.S.C. §§ 2707(b)(3) and 2520(b)(3);

E. Pre-judgment and post-judgment interest as allowed by law;

F. A trial by jury on all issues so triable; and

G. Such other and further relief as the Court deems just and proper.

## XI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: [DATE OF FILING]

________________________________

David Wayne Babcock, Plaintiff Pro Se
16898 NW Cove Ct.
Portland, OR 97229
[PLAINTIFF'S TELEPHONE NUMBER — 503-784-4724
[PLAINTIFF'S EMAIL ADDRESS — dwbabcock1@comcast.net

9/8/26 D Babcock