David Wayne Babcock
16898 NW Cove Ct.
Portland, OR 97229
503-784-4724
dwbabcock1@comcast.net
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **DAVID WAYNE BABCOCK,**<br>Plaintiff,<br>v.<br>**KATHRYN GAIL GRANT,**<br>Defendant. | **Case No. 3:26-cv-01857-JR**<br>**FIRST AMENDED COMPLAINT FOR DAMAGES UNDER THE STORED COMMUNICATIONS ACT AND OREGON COMMON LAW; DEMAND FOR JURY TRIAL** |

Plaintiff David Wayne Babcock, appearing pro se, brings this First Amended Complaint against Defendant Kathryn Gail Grant and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over Claim One under 28 U.S.C. § 1331 because it arises under the Stored Communications Act, 18 U.S.C.

§§ 2701-2712.

2. This Court has supplemental jurisdiction over Claim Two under 28 U.S.C. § 1367(a) because it arises from the same facts as Claim One and forms part of the same case or controversy.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District. Plaintiff and Defendant each reside in Portland, Oregon.

4. Plaintiff resides in Multnomah County, Oregon, within the Portland Division.

## PARTIES

5. Plaintiff David Wayne Babcock is an individual who resides at 16898 NW Cove Ct., Portland, Oregon 97229.

6. Defendant Kathryn Gail Grant is an individual who resides at 16449 SW Chadwich Way #201, Portland, Oregon 97229.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Email Account

7. Plaintiff maintains a private, personal email account at the address dwbabcock1@comcast.net (the "Comcast Account").

8. The Comcast Account is hosted on servers that Comcast itself operates.

9. Comcast provides Plaintiff Internet service and provides the email service through which Plaintiff sends and receives email in the Comcast Account.

10. Plaintiff's emails sent to and from the Comcast Account travel across state lines through Comcast's network.

11. The Comcast Account can also be accessed through a web-based email option. On information and belief, emails delivered to the Comcast Account remain stored on Comcast's servers after delivery.

12. Plaintiff did not give Defendant his password or login credentials for the Comcast Account and did not authorize Defendant to access the Comcast Account or any email in it.

13. No agreement, privacy policy, or terms of service between Plaintiff and Defendant authorized or disclosed the access described below.

**B. Defendant's Access to the Comcast Account and the Forwarded Emails**

14. On one or more occasions, the exact dates of which are not presently known to Plaintiff and which fall within two years before February 22, 2025, Defendant intentionally accessed the Comcast Account without authorization.

15. During that access, Defendant opened and read emails in the Comcast Account.

16. After opening and reading them, Defendant forwarded multiple of Plaintiff's personal emails from the Comcast Account to the email address grantkpdxbills@gmail.com (the "Gmail Account"), which belongs to Defendant.

17. The emails that Defendant opened, read, and forwarded had been delivered to the Comcast Account before Defendant accessed them and remained stored on Comcast's servers when she did.

18. The Gmail Account is hosted by Google. The forwarded copies of Plaintiff's emails are stored on Google's servers in the Gmail Account.

19. The emails that Defendant forwarded are therefore stored in two places: on Comcast's servers in the Comcast Account and on Google's servers in the Gmail Account. Plaintiff is not aware of any other place where those emails are stored.

20. Defendant took affirmative steps to log into the Comcast Account, to open and read private communications, and to select and forward emails to the Gmail Account.

21. Plaintiff did not discover Defendant's access until on or about February 22, 2025, when Plaintiff noticed a credit card discrepancy and reviewed the Comcast Account.

22. In reviewing the Comcast Account, Plaintiff found emails in his sent folder that he had not sent. They were emails that had been forwarded to the Gmail Account without his knowledge or consent.

## C. The Phone Record and TransUnion Allegations

23. Plaintiff also discovered evidence, shown in screenshots he obtained, that Defendant had changed the email address associated with Plaintiff's phone record to Defendant's personal email account.

24. Defendant used Plaintiff's personal information without authorization to try to open an account at TransUnion in order to access Plaintiff's credit report.

25. Plaintiff learned of Defendant's attempt through phone calls he received from TransUnion.

26. Plaintiff has no knowledge that Defendant obtained his credit report through that attempt. Whether she did is a fact Plaintiff expects to determine through discovery.

27. Plaintiff reported Defendant's conduct to the local Sheriff's office and to TransUnion. Neither provided a remedy.

## D. Plaintiff's Injury

28. Defendant's conduct was done without Plaintiff's knowledge and violated Plaintiff's reasonable expectation of privacy in his personal email communications.

29. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, personal embarrassment, and breach of trust, and harm to his sense of privacy and personal security.

30. Defendant is Plaintiff's former spouse. For approximately the last

twenty-five years, Plaintiff experienced isolation and the absence of basic emotional and physical closeness in his relationship with Defendant, and he suffered severe psychological distress as a result.

31. Several months before the divorce proceedings, as Defendant was leaving the relationship, she told Plaintiff that she had married him because her friends were getting married.

32. At that point, Plaintiff realized that he had been misled throughout his adult life and that his efforts over decades to preserve the family had been futile. Plaintiff's realization concerned his own understanding of the marriage, not the conduct alleged in this action.

33. After Plaintiff discovered on or about February 22, 2025 that Defendant had accessed his private communications, his distress increased and he sought answers about what Defendant had done. Plaintiff experienced symptoms of psychological distress, which were documented, and he received treatment for them.

## CLAIM ONE: VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701, 2707

34. Plaintiff incorporates paragraphs 1 through 33.

35. The Comcast Account is maintained through a facility, Comcast's servers, through which an electronic communication service is provided to Plaintiff.

36. Defendant intentionally accessed that facility without authorization.

37. By accessing the Comcast Account, opening and reading emails in it, and forwarding emails from it to the Gmail Account, Defendant obtained Plaintiff's electronic communications while they were in electronic storage on Comcast's servers within the meaning of 18 U.S.C. §§ 2701(a) and 2510(17).

38. Defendant was not authorized by Plaintiff, by Comcast, or by law to access those communications.

39. Defendant's violations were knowing, intentional, and willful.

40. Plaintiff is a person aggrieved by Defendant's violations and may recover under 18 U.S.C. § 2707 actual damages, statutory damages of not less than $1,000, punitive damages, and reasonable attorney's fees and litigation costs, if any are incurred.

41. Plaintiff commenced this action on September 8, 2026, within two years after he discovered the violation on or about February 22, 2025.

**CLAIM TWO: INTRUSION UPON SECLUSION UNDER OREGON COMMON LAW**

42. Plaintiff incorporates paragraphs 1 through 33.

43. Defendant intentionally intruded on Plaintiff's private affairs by accessing the Comcast Account without authorization, opening and reading his personal emails, and forwarding them to the Gmail Account.

44. Defendant also used Plaintiff's personal information without authorization to try to open a TransUnion account to access his credit report, and changed the email address associated with his phone record to her own.

45. Plaintiff had a reasonable expectation of privacy in the contents of his personal email account.

46. Defendant's intrusion was secret and unauthorized and involved intensely personal communications. It was highly offensive to a reasonable person.

47. As a direct and proximate result of Defendant's intrusion, Plaintiff suffered the damages described in paragraphs 28, 29 and 33.

48. Defendant acted intentionally and willfully, and Plaintiff seeks punitive damages on this claim.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff David Wayne Babcock respectfully requests that this Court enter judgment in his favor and against Defendant Kathryn Gail Grant and award:**

A. Actual damages in an amount to be proven at trial, including damages for emotional distress, mental anguish, invasion of privacy, and breach of trust;

B. Statutory damages under 18 U.S.C. § 2707(c) of not less than $1,000 on Claim One;

C. Punitive damages under 18 U.S.C. § 2707(c) on Claim One and under Oregon common law on Claim Two, in an amount sufficient to punish willful and intentional conduct and to deter similar conduct;

D. Reasonable attorney's fees and litigation costs under 18 U.S.C. § 2707(b)(3) and (c), as allowed by law;

E. Pre-judgment and post-judgment interest as allowed by law; and

F. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 3rd day of November, 2026.

Respectfully submitted,

/s/ David Wayne Babcock
David Wayne Babcock
16898 NW Cove Ct.
Portland, OR 97229
503-784-4724
dwbabcock1@comcast.net
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I certify that on November 3, 2026, I served a copy of this First Amended Complaint on Defendant's counsel, Edward A. Piper, Glenmorrie Law LLC, 5300 Meadows Road, Suite 200, Lake Oswego, Oregon 97035, ed@glenmorrielaw.com, by email.

/s/ David Wayne Babcock
David Wayne Babcock