David Wayne Babcock

16898 NW Cove Ct.

Portland, OR 97229

503-784-4724

dwbabcock1@comcast.net

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **DAVID WAYNE BABCOCK,**<br>Plaintiff,<br>v.<br>**KATHRYN GAIL GRANT,**<br>Defendant. | **Case No. 3:26-cv-01857-JR**<br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiff David Wayne Babcock, appearing pro se, responds to Defendant Kathryn Gail Grant's Motion to Dismiss First Amended Complaint (ECF No. 19). The motion asks the Court to decide, on the pleadings, how Plaintiff's email provider stores delivered email. The Ninth Circuit has said that this question depends on information about a provider's storage practices, and that it has not answered the question for web-based email. Plaintiff respectfully asks that the motion be denied. Plaintiff does not request oral argument. If the Court denies the motion, Plaintiff asks to proceed to the Rule 26(f) conference and discovery.

## BACKGROUND

Plaintiff filed the First Amended Complaint (ECF No. 17) within the time the Court allowed. Defendant's motion is dated November 17, 2026 (ECF No. 19).

The First Amended Complaint pleads two claims: a claim under the Stored Communications Act and a claim for intrusion upon seclusion under Oregon common law. As Defendant's motion quotes it, the First Amended Complaint alleges that the emails Defendant "opened, read, and forwarded had been delivered to the Comcast Account before Defendant accessed them and remained stored on Comcast's servers when she did." (ECF No. 19 at 4 (quoting FAC ¶ 17).) It alleges that Plaintiff's Comcast account can also be reached through a web-based email option and, on information and belief, that emails delivered to the account remain stored on Comcast's servers after delivery. (FAC ¶ 11.) It alleges that Defendant forwarded the emails to a Gmail account she controls. (ECF No. 19 at 3-4 (quoting FAC ¶¶ 15-18).) It also alleges that Plaintiff "is not aware of any other place where those emails are stored." (ECF No. 19 at 4 (quoting FAC ¶ 19).)

Defendant moves to dismiss both claims under Fed. R. Civ. P. 8(a), 12(b)(1) and 12(b)(6). She argues that (1) the emails were not in "electronic storage" when she accessed them, (2) Plaintiff has pleaded himself out of court, so leave to amend would be futile, and (3) the Court should decline supplemental jurisdiction over the state claim. (ECF No. 19 at 5-13.)

## LEGAL STANDARD

Defendant cites the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and acknowledges that "pro se pleadings are construed liberally." (ECF No. 19 at 4-5.) Defendant

also acknowledges that a pro se plaintiff "should ordinarily be given leave to amend unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (ECF No. 19 at 11 (quoting authority that quotes *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)).) Plaintiff relies on those statements as Defendant's motion presents them.

## ARGUMENT

A. Whether the emails were stored for purposes of backup protection depends on facts about how Comcast stores delivered email.

The Stored Communications Act makes it unlawful to intentionally access without authorization a facility through which an electronic communication service is provided and thereby obtain a communication "while it is in electronic storage in such system." 18 U.S.C. § 2701(a). "Electronic storage" includes "any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17)(B); see *Clare v. Clare*, 982 F.3d 1199 (9th Cir. 2020), slip op. at 7.

In *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004), the Ninth Circuit rejected the argument that email accessed on a provider's server was not in electronic storage. As Clare describes that holding, the plaintiffs' emails "remained on the ISP's server post-delivery" and "fit comfortably" within subsection (B), because "an 'obvious purpose' for storing a delivered message on an ISP's server is to maintain a backup copy 'in the event that the user needs to download it again.'" Clare, slip op. at 8 (describing *Theofel*, 359 F.3d at 1075).

The First Amended Complaint alleges that facts of that kind are present here. The emails had been delivered to Plaintiff's Comcast account and remained stored on Comcast's servers

when Defendant opened them. (FAC ¶ 17.) Defendant points to the sentence in Clare that describes a "straightforward premise" that a second, backup copy must exist. (Clare, slip op. at 8.) But Clare applied that premise by looking at the record on how the provider actually stored the email. It held that a declaration about storage practices created a genuine dispute of material fact. (Clare, slip op. at 8.) On the web-based question, it said that "the record before us entirely lacks information on Microsoft Exchange's role or functioning, most critically its e-mail storage practices," and it cited *Hately v. Watts*, 917 F.3d 770, 791-92 (4th Cir. 2019), for a description of Google's "redundant systems" manner of storing a single email on multiple servers. (Clare, slip op. at 10.) Clare also observed that a statement about where a server is located would not contradict a later declaration "if discovery reveals" otherwise. (*Id.* at 9.)

Defendant reads the statement in paragraph 19 that Plaintiff "is not aware of any other place where those emails are stored" as an admission that no second copy exists. It is a statement of what Plaintiff knows. Plaintiff is a user of the Comcast account. He has no access to Comcast's servers or to how Comcast stores and replicates the email it delivers. The sentence does not allege that no other copy exists. The facts that decide whether a second copy exists are in Comcast's possession, and discovery is how Plaintiff will learn them.

B. The Ninth Circuit has not adopted the rule Defendant asks the Court to apply, and the authority Defendant cites points in the other direction.

Defendant concedes that the Ninth Circuit "has yet to decide 'whether e-mail messages maintained only on a web-based platform can fall within the purview of subsection (B).'" (ECF No. 19 at 7-8 & n.3.) Clare says: "We cannot answer this question today." (Clare, slip op. at 10.) It added that "the parties have not adequately briefed whether the reasoning of cases like Hately is consistent with" the observation in Theofel on which Defendant relies. (*Id.*) Defendant's argument that Theofel "all but" answers the question (ECF No. 19 at 8) asks the Court to resolve

what the Ninth Circuit has left open.

The portions of Clare that do state the law favor Plaintiff on the points that matter here.

First, Clare "agree[d] with the Fourth Circuit's recent rejection of any distinction between the protection afforded to 'service copies,' i.e., those immediately accessible to a user, and 'storage copies,' i.e., those less conveniently accessible." (Clare, slip op. at 9 (citing *Hately*, 917 F.3d at 796 n.8).)

Second, Clare quoted Hately: "Neither the [SCA] nor its legislative history limits the scope of messages in 'electronic storage' under Subsection (B) to a single backup copy or type of backup copy." (*Id.*)

Third, Clare held that "[i]t is immaterial that Kevin accessed Andrea's e-mails via the same platform she uses." (*Id.*) Defendant's argument that Plaintiff's emails were accessed in the same account where they are kept does not change the analysis under Clare.

Fourth, as Defendant's own motion quotes it, Hately "conclude[d] that previously delivered and opened emails stored by an electronic communication service are stored for 'purposes of backup protection,' under the plain and ordinary meaning of those terms." (ECF No. 19 at 8 n.3 (quoting *Hately*, 917 F.3d at 797).) That is the contrary authority to Defendant's position. Clare cited Hately and neither adopted nor rejected it on this point. (ECF No. 19 at 8 n.3.)

Defendant's remaining authorities do not control. Defendant cites a decision of the Eighth Circuit, a decision of a district court in Illinois, a decision of a district court in New York and one district court decision from within this circuit. (ECF No. 19 at 8-9.) Defendant identifies no

Ninth Circuit decision that adopts them. Clare listed the district court decision from within this circuit among the cases "that other courts have faced" on this question and then stated that it could not answer it. (Clare, slip op. at 9-10.) Defendant describes one of those decisions as addressing "drafts" and "sent" folders. (ECF No. 19 at 8.) The First Amended Complaint concerns emails delivered to Plaintiff's account and retained by his provider.

C. Defendant's timing argument does not resolve the claim.

Defendant argues that the Gmail copies came into existence after Defendant opened the emails, so they cannot show electronic storage "while" she accessed them. (ECF No. 19 at 9-10.) That argument is directed at the Gmail copies. The Court need not decide whether the later-created copies bear on the claim in order to deny the motion. The First Amended Complaint also alleges that the emails had been delivered and remained stored on Comcast's servers when Defendant accessed them. (FAC ¶ 17.) Whether Comcast kept that retained copy as a backup, in the sense Theofel describes, depends on how Comcast stores delivered email. The timing of Defendant's forwarding does not answer that question.

Defendant also argues that Plaintiff's reading would turn the Act into a "catch-all statute." (ECF No. 19 at 10.) Plaintiff's claim does not ask the Court to treat every forwarded email as stored. It asks the Court to apply the test the Ninth Circuit stated in Theofel and Clare to facts about delivered email that Comcast retains.

D. Dismissal without leave to amend is not warranted.

Defendant asks for dismissal without leave to amend because Plaintiff has "pleaded himself out of court." (ECF No. 19 at 11-12.) By Defendant's own authority, the question is whether it is "absolutely clear that the deficiencies of the complaint could not be cured by

amendment." (ECF No. 19 at 11.)

Paragraph 19 states what Plaintiff is aware of. Facts about Comcast's storage practices that Plaintiff does not now know would add to that paragraph and would not contradict it. Clare shows that such facts come from the provider's practices and from discovery. (Clare, slip op. at 9-10.)

In addition, Plaintiff has communicated with TransUnion by telephone and by email about the matters alleged in the First Amended Complaint. He has printed the emails and kept backup copies, and the originals remain in his sent folder. While trying to correct personal information in a TransUnion account that Defendant used his information to create, Plaintiff saw a two-factor authentication step on TransUnion's website. Plaintiff offers these facts to show what he is prepared to allege and what discovery can confirm. He does not offer them as evidence on this motion.

If the Court finds any deficiency in the First Amended Complaint, Plaintiff asks that dismissal be without prejudice. Plaintiff will then file a separate motion for leave to amend, with the comparison copy required by LR 15-1(b), as Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."

E. The Court should not decline supplemental jurisdiction while the federal claim remains.

Defendant's supplemental jurisdiction argument rests on the premise that "all claims arising under federal law" have been dismissed. (ECF No. 19 at 12.) Under 28 U.S.C. § 1367(c)(3), a district court may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." If the Stored Communications Act

claim remains pending, that condition is not met. The intrusion upon seclusion claim arises from the same access to Plaintiff's email account and forms part of the same case or controversy under 28 U.S.C. § 1367(a). Defendant identifies no other subsection of § 1367(c) that applies. Defendant's motion cites Rule 12(b)(1) but makes no argument for lack of subject-matter jurisdiction apart from the dismissal of the federal claim.

F. Oral argument and next steps.

Defendant has requested oral argument. Plaintiff does not object to oral argument if the Court believes it would help. Plaintiff is not certain it is necessary, because he relies on the First Amended Complaint and this response and does not intend to add to either of them. Under LR 7-1(d)(1), the Court decides whether oral argument would help it resolve the matter, and Plaintiff defers to the Court on that question. If the Court sets a hearing, Plaintiff will attend.

If the Court denies the motion, Plaintiff is ready to confer with Defendant's counsel under Fed. R. Civ. P. 26(f) and proceed to discovery. Under Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Plaintiff expects to seek third-party discovery from TransUnion and from the telephone carrier through subpoenas under Fed. R. Civ. P. 45, and will do so as the rules and the Court allow. Plaintiff will file a separate motion if he needs the Court's authorization for any discovery before the Rule 26(f) conference.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss First Amended Complaint. In the alternative, Plaintiff requests that any dismissal be without

prejudice. Plaintiff asks that the case proceed to the Rule 26(f) conference and discovery.

Dated this 18th day of November, 2026.

Respectfully submitted,

/s/ David Wayne Babcock
David Wayne Babcock
16898 NW Cove Ct.
Portland, OR 97229
503-784-4724
dwbabcock1@comcast.net
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on 18th November, 2026, I served a copy of this Plaintiff's Response to Defendant's Motion to Dismiss First Amended Complaint on Defendant's counsel, Edward A. Piper, Glenmorrie Law LLC, 5300 Meadows Road, Suite 200, Lake Oswego, Oregon 97035, ed@glenmorrielaw.com, Email: method of service.

/s/ David Wayne Babcock
David Wayne Babcock